**FOLEX GOLF INDUSTRIES, INC.,
a California corporation,
Plaintiff-Appellant,**

v.

**O-TA PRECISION INDUSTRIES CO.,
LTD., a Taiwan company,
Defendant-Appellee.**

**Folex Golf Industries, Inc., a
California corporation,
Plaintiff-Appellee,**

v.

**O-TA Precision Industries Co., Ltd.,
a Taiwan company, Defendant-
Appellant.**

**No. 15-56905, No. 16-55245**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted October 6,
2017 Pasadena, California

Filed November 02, 2017

Philip W. Boesch, Jr., Senior Counsel,
The Boesch Law Group, Santa Monica,
CA, Benjamin C. Johnson, Attorney, MGA
Entertainment, Inc.—Legal, Van Nuys,
CA, for Plaintiff-Appellant

Maxwell Michael Blecher, Esquire,
Blecher Collins Pepperman & Joye, P.C.,
Los Angeles, CA, Koral Elyse Fusselman,
Attorney, Kesselman Brantly Stockinger
LLP, Los Angeles, CA, David W. Kessel-
man, Kesselman Brantly Stockinger LLP,
Manhattan Beach, CA, for Defendant-Ap-
pellee

* The Honorable Edward R. Korman, United
States District Judge for the Eastern District
of New York, sitting by designation.

Before: RAWLINSON and N.R.
SMITH, Circuit Judges, and KORMAN,*
District Judge.

MEMORANDUM **

Manuel L. Real, District Judge,
Presiding

Folex Golf Industries, Inc. appeals the
district court's grant of summary judg-
ment finding that Folex's claims were
barred by the statute of limitations. O-TA
Precision Industries Co. cross appeals the
district court's denial of its motion for
attorney's fees under Cal. Civ. Code
§ 1717.

1. We previously addressed the statute
of limitations issue in this case and held
that "[t]he district court erred in conclud-
ing as a matter of law that Folex had
actual knowledge in 2005 of its claims
against O-TA." *See Folex Golf Indus., Inc.
v. O-TA Precision Indus. Co.*, 479 Fed.
Appx. 61, 61 (9th Cir. 2012). We concluded
that a genuine issue of material fact exist-
ed "as to whether Folex was on inquiry
notice of its Fourth, Sixth, Seventh, and
Tenth Causes of Action as of 2005." *Id.* at
62. This appeal presents the same statute
of limitations issue. Under the "law of the
case" doctrine, a district court is "preclud-
ed from reconsidering an issue that has
already been decided by the same court, or
a higher court in the identical case," unless
an exception to depart from the law of the
case exists. *United States v. Alexander*,
106 F.3d 874, 876 (9th Cir. 1997) (citation
omitted). Thus, summary judgment cannot
be granted on this statute of limitations
question unless one of the five exceptions
to the law of the case doctrine has been
met. *See id.* None of the exceptions apply
here. The district court erred in concluding
that the August 20, 2006 letter was sub-

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.

stantially different from the evidence previously submitted to establish that Folex was on notice of its potential claims against O-TA in 2005. *See id.* at 876-77; *see also Eichman v. Fotomat Corp.*, 880 F.2d 149, 157 (9th Cir. 1989). The district court did not even explain why the substantially different exception applied.

Even assuming the law of the case does not preclude our review, viewing the evidence in the light most favorable to Folex, *see Thomas v. City of Beaverton*, 379 F.3d 802, 807 (9th Cir. 2004), issues of material fact still exist as to whether Folex was on notice of any claims against O-TA in 2005. At most, the letter reveals that Folex was aware that Luoyang Ship Material Research Institute ("LSMRI") was engaged in fraudulent conduct. However, Folex does not indicate in the August 20, 2006 letter that it was aware O-TA was working in concert with LSMRI. Thus, the letter does not resolve any of the factual disputes raised in the prior proceedings.[1] *See Folex Golf Indus., Inc.*, 479 Fed.Appx. at 61-62. We therefore reverse the district court's grant of summary judgment and remand for further proceedings.[2]

2. Because we reverse the district court's summary judgment decision, the issue of whether O-TA is entitled to an award of attorney's fees is premature. Therefore, we vacate the district court order regarding attorney's fees without reaching the merits of O-TA's argument.

3. We grant Folex's motion to reassign this matter to a different district court judge. We are permitted under 28 U.S.C. § 2106 to reassign cases on remand when "unusual circumstances" are present. *United Nat'l Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1118 (9th Cir. 2001). This is the third remand in this case;

therefore, reassignment is warranted, because the judge may "have substantial difficulty in putting out of his ... mind previously expressed views or findings determined to be erroneous," making "reassignment ... advisable to preserve the appearance of justice." *Id.* (quoting *United States v. Sears, Roebuck & Co.*, 785 F.2d 777, 780 (9th Cir. 1986)). Because the case has not progressed significantly beyond the preliminary stages, any minimal potential for waste or duplication is outweighed by the need to preserve the appearance of fairness. *Id.* at 1118-19. Therefore, we instruct the Chief Judge for the Central District of California to reassign this case to a different district judge on remand. Each party shall bear its own costs on appeal.

**REVERSED and REMANDED (No. 15-56905); VACATED (No. 15-55245).**

---

1. O-TA's motion to strike is denied as moot.

2. Because we conclude that the August 20, 2006 letter did not establish that Folex was on

notice of its claims in 2005, we need not address O-TA's alternative arguments regarding Folex's fraud claim.